IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN TRAINAUSKAS,** | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 3:18-cv-00193-NJR-DGW |
| v. | )<br>) |
| **BARTON J. FRALICKER, C/O MCCARTHY, KENT E. BROOKMAN** and **JACQUELINE LASHBROOK,** | )<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Pending before the Court are Plaintiff Brian Trainauskas' two Motions for Reconsideration of this Court's Order denying motion for recruitment of counsel (Docs. 21, 33). For the reasons set forth below, the Motion for Reconsideration is **DENIED.**

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment to correct manifest errors of law or fact, to address newly discovered evidence, or where there has been an intervening and substantial change in the controlling law since submission of the issues to the district court. FED. R. CIV. P. 59(e); *See also Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)). Motions to reconsider under Rule 59(e) should only be granted in rare circumstances. *Id.* The decision whether to grant a Rule 59(e) Motion to Reconsider lies in the sound discretion of the Court. *Matter of Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

On April 27, 2018, this Court entered an order denying Trainauskas' motion to appoint counsel (Doc. 2). Trainauskas has moved this Court to reconsider that decision. (Docs. 21, 33).

Plaintiff has no constitutional or statutory right to a court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, a court has discretion to recruit counsel to represent *indigents* in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006) (emphasis added). In its order denying counsel, the Court specifically stated that Trainauskas had failed to provide evidence that he is indigent (Doc. 14, p. 1). The Court noted that Trainauskas had not filed a motion to proceed *in forma pauperis*, and that his prior action in this Court, 17-cv-816-SMY, was dismissed because he misstated his income in his Motion for Leave to Proceed *in forma paueris* (Doc. 14, p. 7).

Nothing in Trainauskas' motions for reconsideration leads the Court to the conclusion that it erred in its original Order. While Trainauskas alleges he is indigent, he provides no new evidence to support that claim (Docs. 21, 33). Given his prior misstatements to the Court regarding his income, the Court is unwilling to find Trainauskas is indigent absent supporting evidence. Thus, there appears to be no manifest error of law or fact that would justify reconsideration of the Court's initial order denying counsel. Nothing in this Order, however, prevents Trainauskas from filing another motion for appointment of counsel and providing actual evidence of his indigency.

Finally, while Trainauskas argues he has attempted to obtain counsel to no avail, and that the complexities of his case are beyond his ability to litigate (Doc. 33, pp. 2-3), none of those facts are relevant unless Trainauskas can first show he is indigent.

Thus, Plaintiff's Motions for Reconsideration (Docs 21, 33) are **DENIED.**

**So Ordered.**

**DATED: December 14, 2018**

**DONALD G. WILKERSON
United States Magistrate Judge**