## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN TRAINAUSKAS,**<br>**#Y10061,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 18-cv-00193-NJR** |
| **BARTON J. FRALICKER,**<br>**C/O MCCARTHY,**<br>**KENT E. BROOKMAN, and**<br>**JACQUELINE LASHBROOK,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Brian Trainauskas, an inmate in the Illinois Department of Corrections ("IDOC"), filed this case alleging deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Trainauskas claims that his constitutional rights were violated in connection with the issuance of a disciplinary ticket, disciplinary hearing proceedings, and punishment for mailing letters regarding recruitment and the collection of dues for his religious organization in violation of IDOC rules.

Several motions are now before the Court: Trainauskas has filed three Motions to Strike (Docs. 108, 117, 120), a Motion for Sanctions (Doc. 109), a Motion for Reconsideration (Doc. 110), Motion for Leave to Supplement (Doc. 113), and a Motion for Status (Doc. 119). Defendants have filed two Motions for Extension of Time to File a Dispositive Motion (Docs. 116, 118).

**MOTION TO STRIKE (DOC. 108), MOTION FOR SANCTIONS (DOC. 109), MOTION FOR RECONSIDERATION (DOC. 110), MOTION FOR LEAVE TO SUPPLEMENT (DOC. 113)**

On November 26, 2019, Trainauskas filed a motion for miscellaneous relief regarding discovery. (Doc. 101). In the motion, he asked for the Court to compel discovery or implement sanctions for Defendants' failure to produce answers to his last set of interrogatories, documents, and transcript of his deposition. Defendants were ordered to respond (Doc. 102). In the response, Defendants stated that they had mailed to Trainauskas the answers and objections to the third set of interrogatories on November 27, 2019, and the deposition transcript on October 8, 2019. (Doc. 104). Defendants also stated that responses to the second request to produce documents had never been mailed and asked the Court for additional time. The Court gave Defendants until December 20, 2019, to respond to Trainauskas's second request to produce documents and set the dispositive motion deadline for January 20, 2020. (Doc. 105).

Five days later, on December 10, 2019, Trainauskas filed a motion to strike Defendants' response, in which he argues that Defendants have been given several extensions by the Court to complete discovery. (Doc. 108). He states the answers to his third set of interrogatories are evasive and incomplete and failed to comply with the November 15, 2019, discovery deadline. Because the responses to the third set of interrogatories were untimely, the Court should consider the objections raised by Defendants waived. He argues that any extension of time granted after the close of discovery violates Federal Rule of Civil Procedure 26 and his due process rights. He asks the Court to impose sanctions against Defendants for failure to make disclosures and

cooperate in discovery. On December 11, 2019, Trainauskas filed a motion requesting sanctions against Defendants for failing to comply with discovery rules and to make the requested disclosures. (Doc. 109). On December 12, 2019, he asked the Court to reconsider its Order granting Defendants additional time to respond to his second request to produce. (Doc. 110). Trainauskas states that Magistrate Judge Sison did not have the jurisdiction to make the ruling since he declined consent on December 6, 2019.

Defendants filed a response in opposition to the motions. (Doc. 111). First, they assert that the motions are premature because Trainauskas has not demonstrated a good faith effort to resolve the discovery disputes prior to involving the Court, as required by Local Rule 26.1(d). Although Trainauskas claims he placed one phone call and left a voice message to defense counsel, this is not sufficient to show a good faith effort. Not only does counsel state she did not receive any voice message, but she also did not receive any type of written correspondence from Trainauskas or speak to him regarding his problems with discovery. (*Id.* at p. 2). Trainauskas also does not attach his discovery requests and Defendants' responses that he claims contain vague and incomplete responses, as required by Local Rule 26.1(b)(3). Finally, they assert that he cannot demonstrate bad faith on the part of Defendants. Defendants have requested the Court for extensions to complete discovery and submitted some of the responses past set deadlines, but they argue that this does not warrant sanctions. Defendants have responded to three sets of interrogatories, two requests to produce documents, and two sets of requests to admit. Additionally, they agreed to postpone and reschedule Trainauskas's deposition at his request, showing a willingness to cooperate with him. (*Id.* at p. 2-3).

Trainauskas then filed a reply brief (Doc. 112) and a motion for leave to supplement his previously filed motion (Doc. 113). The Motion for Leave to Supplement is granted, and the Court will consider the proposed supplement along with his motions.

The Court will first address Trainauskas's Motion to Reconsider, and his claim that Magistrate Judge Sison did not have jurisdiction to grant Defendants additional time to respond to his request for the production of documents. Trainauskas asserts that Magistrate Judge Sison violated his due process rights by granting Defendants additional time to complete discovery without a hearing and prior to filing his Motion to Strike. Because the case was reassigned to the undersigned, Trainauskas argues Magistrate Judge Sison did not have jurisdiction to grant the extension. (Doc. 110).

A district judge may refer nondispositive pretrial matters to a magistrate judge to decide and hear. FED. R .CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A party may file objections, however, to a magistrate judge's written order for a district judge to review. In reviewing a magistrate judge's ruling on a nondispositive matter, a district judge should not disturb the ruling unless it is contrary to law or clearly erroneous. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); SDIL-LR 73.1(a). In general, discovery orders are nondispositive within the meaning of Rule 72(a). *See Westerfer v. Snyder*, 472 F. Supp. 2d 1034, 1036 (S.D. Ill. 2006) (citations omitted). Furthermore, a magistrate judge is given broad discretion in controlling discovery. *Jones v. City of Elkhart*, 737 F.3d 1107, 1116 (7th Cir. 2013).

The undersigned referred pretrial proceedings to Magistrate Judge Wilkerson on March 7, 2018, pursuant to Local Rule 72.1(a)(2) (Doc. 5), and the case was reassigned to Magistrate Judge Sison on January 8, 2019 (Doc. 61). Magistrate Judge Sison granted

Defendants additional time to respond to Trainauskas second request to produce documents on December 5, 2019 (Doc. 105), and on December 6, 2019, pursuant to Administrative Order 257, all pretrial proceedings were assigned back to the undersigned (Doc. 107). Not only was Magistrate Judge Sison acting well within his authority when granting Defendants' request for additional time to answer discovery requests, but "there is no constitutional right to a hearing to resolve discovery disputes." *Suchon v. Meyer Tool & Mfg., Inc.,* No. 97-C-7204, 1998 WL 155821 at *3 (N.D. Ill. 1998). Additionally, because magistrate judges have broad discretion in controlling discovery, the Court finds no clear error in Magistrate Judge Sison granting an extension of time to Defendants' to complete discovery, even though the motion was filed after the discovery deadline. Accordingly, the Motion to Reconsider (Doc. 110) is denied.

The Court also denies the Motion to Strike. (Doc. 108). Trainauskas may oppose Defendants' response and motion for an extension, but he has not shown that the pleading is "redundant, immaterial, impertinent, or scandalous matter[,]" FED. R. CIV. P. 12(f), or how it prejudices him. *See, e.g., Anderson v. Bd. of Educ. of Chi.,* 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); *see also Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir. 1992). In fact, Defendants were responding to the Court's direction to respond to Trainauskas's Motion for Miscellaneous Relief and seeking more time to comply with his discovery requests. (*See* Doc. 102). As motions to strike are generally disfavored and serve only to delay, the Motion is denied. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989).

Trainauskas asks for sanctions against Defendants in his Motion to Strike and in

his First Request for Sanctions because defense counsel has failed to comply with discovery rules, make disclosures, and cooperate in discovery. (Docs. 108, 109). Due to defense counsel's conduct, he argues that he has not been able to access evidence and will have little tangible evidence to defend against dispositive motions. He also states October 8, 2019, he did not receive a transcript of his deposition, as defense counsel claims, but a letter that did not mention the transcript at all. (*Id.* at p. 5). On December 10, 2019, he finally received the transcript. He claims defense counsel made no effort to locate the transcript or investigate the whereabouts of the missing transcript during that two month period.

Generally, sanctions may be imposed where a party fails to comply with a discovery order and displays willfulness, bad faith or fault. *See Philips Medical Systems Intern., B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992); *see also Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir.1993) ("if not willfulness and bad faith, at least 'contumacious conduct,' 'dilatory tactics,' or the failure of less drastic sanctions"). *But see Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir.1992).

Pursuant to the Scheduling Order, discovery was originally due July 12, 2019. (Doc. 32). On August 5, 2019, the Court granted Defendants' motion to reopen discovery for the purpose of taking Trainauskas's deposition. (Docs. 71, 72). This date was then extended again at Trainauskas's request to postpone the deposition. (Doc. 76, 77). He sent Defendants additional discovery requests on September 16, 2019— eighteen days before the discovery deadline. (Doc. 87, p. 2; Doc. 92, p. 2; Doc. 108, p. 3). On September 26, 2019, Trainauskas asked the Court again to extend the October 4, 2019, discovery deadline

Page 6 of 10

because he "inadvert[ently] overlooked the discovery deadline" and wished to serve written depositions on Defendants and to obtain answers to a third set of interrogatories. (Doc. 87). The motion was granted, and the discovery deadline was set for November 4, 2019. (Doc. 88). Defendants then ask for an extension of time to answer Trainauskas's third set of interrogatories, and the deadline to respond was November 15, 2019. (Doc. 93). On November 26, 2019, Trainauskas filed a Motion for Miscellaneous Relief notifying the Court that the discovery deadline had passed and that he had not received answers to his last set of interrogatories, documents requested, and a transcript from his deposition. (Doc. 101). He asked the Court to compel discovery and/or impose sanctions. The Court ordered Defendants to respond. Defendants notified the Court that the transcript and answers to the third set of interrogatories had been sent and granted Defendants until December 20, 2019, to provide Trainauskas with the documents requested. (Doc. 105).

As both parties have filed multiple motions for extensions regarding discovery, the Court does not find that Defendants have exhibited bad faith by asking for an extension on more than one occasion. And although the responses to the third set of interrogatories and the request to produce documents were provided to Trainauskas after the Court set discovery deadline, Defendants have now provided Trainauskas responses to his third set of interrogatories and second document production request, and he did receive the copy of the deposition transcript to review. Trainauskas has not presented any evidence for the Court to determine that the untimeliness of the responses was due to willful conduct that would warrant sanctions, and the Motion for Sanctions is denied.

Throughout his motions, Trainauskas takes issue with Defendants' discovery responses. He alleges that Defendants' responses to his third set of interrogatories were evasive and incomplete (Doc. 108, p. 4; Doc. 109, p. 2), Defendants failed to make disclosures (Doc. 109, p. 1), Defendant Brookman did not sign or date his responses to interrogatories (Doc. 113, p. 2), and Defendants' answers to his second document request were vague and unduly burdensome, or not proportional to the needs of the case (Doc. 113, p. 3). Specifically, he complains that in question #15 of his second request for documents he asks for "any/all recorded temperatures inside cells 6-13 or adjacent cells in Menard Correctional Center's North II Cell House within the months/years of 6/17, 7/17, 817." Defendants responded, "Defendants refer Plaintiff to internal emails depicting temperatures within North II during the months of June, July, and August, 2017, Bates stamped documents #001415-001958, which are attached hereto." Trainauskas claims that Defendants submitted over 500 pages of temperature readings on galleries, but nothing was submitted for temperature readings inside any cell on 6 gallery where he resides. Other than requesting sanctions, Trainauskas has not properly filed a motion to compel regarding the insufficiency of the responses he has received. Even so, the Court does not find that he has made a good faith effort to resolve the discovery issues prior to involving the Court. *See* FED. R. CIV. P. 37(a)(1). His efforts to resolve the dispute by calling defense counsel on one occasion is not sufficient. *See Shoppell v. Schrader,* No. 08-cv-284, 2009 WL 2515817 at 1 (N.D. Ind. 2009) (finding that the defendant's single letter and brief telephone conversation with someone at the law office of plaintiff's counsel was insufficient) (citations omitted).

### MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION

Defendants have filed two Motions for Extension of Time to File a Dispositive Motion stating that more time is needed due to decreased staffing caused by the current COVID-19 pandemic. (Docs. 116, 118). In response, Trainauskas has filed Motions to Strike. (Docs. 117, 120). He argues that giving Defendants additional time would give them an unfair tactical advantage and prejudice him. (Doc. 117, p. 2). He states that he is currently litigating other cases. Trainauskas has not established how the requests for more time are "redundant, immaterial, impertinent, or scandalous." Accordingly, the Motions to Strike are denied. *See* FED. R. CIV. P. 12(f). Furthermore, the Court does not see any prejudice to Trainauskas and finds Defendants have shown good cause, and thus the Motions for Extension of Time to File a Dispositive Motion are granted. Dispositive motions are due on or before **May 29, 2020.** If Trainauskas needs additional time to file a response to any motion that is filed, he, likewise, may file a motion with the Court.

### MOTION FOR STATUS

Trainauskas Motion for Status (Doc. 119) is moot, in light of this Order.

### DISPOSITION

For the reasons stated above, the Motions to Strike (Docs. 108, 117, 120), the Motion for Sanctions (Doc. 109), and the Motion for Reconsideration (Doc. 110) filed by Trainauskas are **DENIED**. The Motion for Leave to Supplement (Doc. 113) is **GRANTED**. The Clerk of Court is **DIRECTED** to file the proposed supplement as follows: Supplement to Motion for Sanctions, Doc. 109. The Motion for Status (Doc. 119) is **DENIED** as moot.

The Motions for Extension of Time to File a Dispositive Motion (Docs. 116, 118)

are **GRANTED**. Dispositive motions due on or before **May 29, 2020.**

     **IT IS SO ORDERED.**

     **DATED:**   **April 29, 2020**

                                          **NANCY J. ROSENSTENGEL**
                                          **Chief U.S. District Judge**